USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: ___9/30/22___

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------ x
QUIXOTIC SYSTEMS, INC.,                                               :
                                                                     :
                                   **Plaintiff,**                    :
                                                                     :          **21-CV-4672 (ALC)**
                   -against-                                         :
                                                                     :          **OPINION AND ORDER**
SIEMENS INDUSTRY, INC.,                                              :
                                                                     :
                                   **Defendant.**          x
------------------------------------------------------------------------
**ANDREW L. CARTER, JR., United States District Judge:**

        Plaintiff Quixotic Systems, Inc. ("Quixotic") brings this action against Defendant Siemens

Industry, Inc. ("Siemens"), alleging claims of unjust enrichment, quantum meruit, and promissory

estoppel. Defendant now moves to dismiss the Complaint for failure to state a claim pursuant to

Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the Court grants Defendant's

motion and grants Plaintiff leave to amend the Complaint.

## BACKGROUND

        When deciding a motion to dismiss, the Court "may consider the facts as asserted within

the four corners of the complaint together with the documents attached to the complaint as exhibits,

and any documents incorporated in the complaint by reference." *Peter F. Gaito Architecture, LLC*

*v. Simone Dev. Corp*., 602 F.3d 57, 64 (2d Cir. 2010) (internal quotation marks and citation

omitted). Thus, the Court considers the complaint, ECF No. 4-1, and the relevant contracts—the

Subcontract and the Subcontract Change Orders—attached to the Declaration of Nick Yack, ECF

Nos. 18-1–18-9.[1]

---

[1] Plaintiff argues that these agreements are not incorporated into the complaint and cannot be considered at this stage. The Court disagrees. First, the subcontract is explicitly referenced throughout the complaint. Compl. ¶¶ 11–15, 18; *DiFolco v. MSNBC Cable L.L.C*., 622 F.3d 104, 112 (2d Cir. 2010) ("Because [Plaintiff] referred in her complaint to her e-mails. . . ., the District Court could deem them incorporated in the complaint and therefore subject to consideration in its review of the adequacy of the complaint."). Additionally, the Complaint also indirectly references the change orders, and therefore, the change orders are considered incorporated. *See* Compl. ¶¶ 14, 24.  Second, it

In March 2019, Defendant Siemens was chosen to design and install a solar array on the roof of the Jacob K. Javits Center. Compl. ¶¶ 6–7. Siemens decided to first construct a test solar array and, in October 2019, engaged Plaintiff Quixotic to install this demonstration ("Phase I"). *Id*. ¶¶ 9–11. Thus, the parties entered into an agreement ("Subcontract") for the purpose of installing this demonstration. *Id*. ¶ 11; ECF No. 18-1. The demonstration was to be completed within a limited period of time per the subcontract, but the project took longer and was completed on January 23, 2020. Compl. ¶ 13. The Subcontract also provided that "[Quixotic] acknowledges and agrees that it waives all right or claim to compensation for any additional work not specifically authorized in writing by [Siemens]'s Designated Representative prior to the commencement of such additional work." ECF No. 18-1 at 13.

On January 29, 2020, Siemens asked Quixotic to serve as the general contractor and manager for the full project and Quixotic agreed ("Phase Two"). *Id*. ¶¶ 16–17. This work was not governed by the subcontract, and Plaintiff relied on Defendant's representations that it would compensate Plaintiff for its in-house labor costs once the contract for Phase Two was formalized. *Id*. ¶¶ 19, 23. Defendant did pay Plaintiff for the subcontractors' work during this period. *Id*. ¶ 24. Plaintiff worked for Defendant on Phase Two from February 2020 through December 2020. *Id*. ¶ 26.

Between October 23, 2019 and November 11, 2020, the parties executed eight amendments to the Subcontract, labeled "Subcontract Change Orders," each which described the new scope of

---

appears that the subcontract and change orders, which are unfavorable to Plaintiff's position, may have been omitted in an effort to bolster Plaintiff's theory of the case. In such circumstances, courts will often consider the omitted agreements. *See Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) ("In most instances where this exception is recognized, the incorporated material is a contract or other legal document containing obligations upon which the plaintiff's complaint stands or falls, but which for some reason—usually because the document, read in its entirety, would undermine the legitimacy of the plaintiff's claim—was not attached to the complaint.").

work and new contract price ("Subcontract Change Orders" or "Change Orders"). ECF Nos. 18-1–18-9. They also specified that all terms and conditions of the Subcontract are incorporated into the Change Orders.

Plaintiff shared with Defendant its "proprietary cost information" regarding Phase Two in reliance on Defendant's representations that the Phase Two contract would be a "cost plus'" contract. *Id.* ¶ 28. In August 2020, Defendant presented Plaintiff with the Phase Two contract, and it was not a "cost plus" contract. *Id.* ¶ 29. On January 2, 2021, Defendant informed Plaintiff that Plaintiff would not receive the contract and that Defendant no longer needed Plaintiff's services. *Id.* ¶ 35.

## STANDARD OF REVIEW

Rule 12(b)(6) allows the court to dismiss a claim if a party fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss, the court must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). However, the court need not credit "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Claims should be dismissed when a plaintiff has not pled enough facts that "plausibly give rise to an entitlement to relief." *Id.* at 679. A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. While not akin to a "probability requirement," the plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Accordingly, where a plaintiff alleges facts that are "merely consistent with a

defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 557 (2007)).

Plaintiffs asserts that New York law should apply, and Defendant does not contest this. Thus, the Court applies New York law to the claims at issue. *See Krumme v. WestPoint Stevens Inc.*, 238 F.3d 133, 138 (2d Cir. 2000) ("The parties' briefs assume that New York law controls, and such implied consent . . . is sufficient to establish choice of law." (internal quotation marks and citations omitted)).

## DISCUSSION

Plaintiff asserts quasi contract claims of unjust enrichment, quantum meruit, and promissory estoppel. "The existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract for events arising out of the same subject matter." *Clark–Fitzpatrick, Inc. v. Long Island R.R. Co.*, 516 N.E.2d 190, 193 (N.Y. 1987); *see also Aubrey v. New Sch.*, No. 21-CV-4915, 2022 WL 3867832, at *14 (S.D.N.Y. Aug. 30, 2022) ("[A] plaintiff may not recover under quasi-contract claims . . . where an enforceable contract governs the same subject matter." (internal quotation marks and citations omitted)).

Here, the Subcontract Change Orders, by their terms, extended the Subcontract through November 19, 2020. *See* ECF No. 18-9 at 1. Plaintiff does not dispute that the Change Orders or Subcontract are valid contracts. Plaintiff also acknowledges that the Subcontract Change Orders govern the Phase II time period and at least some of the Phase II work. However, Plaintiff argues that the Change Orders only compensated the subcontractors and did not pay Plaintiff for its internal consulting work, specifically its work on a database that Plaintiff created for Phase II.

First, the Subcontract, the terms of which are incorporated into the Change Orders, specifies that Plaintiff agrees to waive all claims for compensation for additional work not specifically authorized in writing. Second, while the Subcontract Change Orders may not mention the database, they reference several of the tasks that Plaintiff alleges it provided as internal consulting work in Phase II. *See* Compl. ¶ 20; ECF No. 19 at 10–11. More important, the Change Orders concern the same subject matter as Plaintiff's quasi contract claims—the consulting Phase II work Plaintiff performed. Thus, the Court dismisses the complaint as a valid contract that covers the same subject matter at issue.

Plaintiff has requested leave to amend its complaint. Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend a complaint shall be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts typically grant requests to amend under Rule 15(a). *See Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991). The decision whether to grant leave to amend is left to the "sound discretion of the court*." John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp.*, 22 F.3d 458, 462 (2d Cir. 1994). Courts will deny motions to amend the complaint if "the moving party has unduly delayed or acted in bad faith, the opposing party will be unfairly prejudiced if leave is granted, or the proposed amendment is futile." *Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 452 (S.D.N.Y. 2016). The Court finds that Defendant will not be prejudiced if leave is granted and the other factors favor granting leave to amend. Plaintiff may file an amended complaint.

## CONCLUSION

The Court grants Defendant's motion and dismisses the complaint. Plaintiff is granted leave to file an amended complaint and must do so within thirty days of the date of this Order. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 17.

**SO ORDERED.**

**Dated: September 30, 2022**
**New York, New York**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**